IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE HENRY PITTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-962-WHA |
| | ) | |
| BULLOCK CORRECTIONAL FACILITY, et al., | ) ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Willie Henry Pitts ("Pitts"), a former state inmate, initiated this 42 U.S.C. § 1983 action on December 12, 2016. After reviewing the complaint and finding various deficiencies with this pleading, including claims arising outside the applicable statute of limitations and improperly named defendants, the court determined that Pitts should be provided an opportunity to file an amended complaint to correct the noted deficiencies. A detailed order was therefore issued explaining the deficiencies and providing Pitts specific instructions with respect to filing the amended complaint. *Doc. No. 4* at 1-3. The court specifically advised Pitts "***that this case will proceed only against the defendants named and claims presented in the amended complaint***" and cautioned him that his failure to comply with this order would result in a Recommendation that this case be dismissed. *Id*. at 3 (emphasis in original).

The time allowed Pitts to file the amended complaint expired on January 9, 2017. As of the present date, Pitts has failed to file an amended complaint as required by this court. In light of Pitts' failure to file an amended complaint, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to file an amended complaint as ordered by this court.

The plaintiff may file objections to the Recommendation on or before February 16, 2017. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. The plaintiff is advised that frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 2nd day of February, 2017.

                                      /s/ Susan Russ Walker
                                      Susan Russ Walker
                                      Chief United States Magistrate Judge